Thomas M. Kerr (State Bar No. 241530)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
tom.kerr@hro.com

Attorneys for Plaintiffs
PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; CAPITOL RECORDS, INC.; AND WARNER BROS. RECORDS INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>CLAUDIA ACEVEDO,<br><br>          Defendant. | Case No.: 3:06-cv-00418-CRB<br><br>Honorable Charles R. Breyer<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION** |

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

1

1  2.  Defendant shall pay to Plaintiffs in settlement of this action the total sum of
2  $9380.00.

3  3.  Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of
4  process fee) in the amount of $320.00.

5  4.  Defendant shall be and hereby is enjoined from directly or indirectly infringing
6  Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later
7  created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label
8  of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

   using the Internet or any online media distribution system to reproduce (i.e.,
   download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs'
   Recordings, or to make any of Plaintiffs' Recordings available for distribution to the
   public, except pursuant to a lawful license or with the express authority of Plaintiffs;
   or

   causing, authorizing, permitting, or facilitating any third party to access the Internet
   or any online media distribution system through the use of an Internet connection
   and/or computer equipment owned or controlled by Defendant, to reproduce (i.e.,
   download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs'
   Recordings, or to make any of Plaintiffs' Recordings available for distribution to the
   public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5.  Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED:  September 14, 2006

By: _____
Hon. Charles R. Breyer
United States District Judge



[Proposed] Judgment and Permanent Injunction Based on Stipulation
Case No. 3:06-CV-00418  CRB
#24055 v1